UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCCALL,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNSELOR JOHN DOE, WARDEN JOHN DOE, KATHLEEN ALLISON, and RAYMOND MADDEN,<br><br>        Defendants. | Case No.  1:21-cv-01087-JLT-HBK (PC)<br><br>CLERK TO CLOSE CASE BASED UPON PLAINTIFF'S VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41 (a)(1)(A)(i)<br><br>(Doc. No. 17) |

On October 16, 2023, the Plaintiff filed a "Motion to Request Dismissal Without Prejudice." (Doc. No. 17). The Court construes the motion as a notice as filed under Federal Rule of Civil Procedure 41(a). The notice follows the court's August 14, 2023, screening order directing Plaintiff to either file an amended complaint, stand on his complaint, or file a notice to voluntarily dismiss his complaint. (Doc. No. 14). In his signed notice, Plaintiff states he wishes to voluntarily dismiss this action without prejudice "in order to allow adequate legal assistance to review [his] claim. This will ensure that plaintiff will be able to properly address the court." (Doc. No. 17 at 1). Because no defendant has been served and no answer nor motion for summary judgment has been filed, Plaintiff may voluntarily dismiss this action by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

Because Plaintiff is voluntarily dismissing this action without prejudice, Plaintiff may

refile a new action after obtaining the legal assistance he seeks.  Plaintiff is cautioned he must file his new action before the expiration of the applicable statute of limitations.[1]

ACCORDINGLY:

The Clerk of Court is directed to vacate all deadlines and CLOSE this case to reflect Plaintiff's Notice of Voluntary Dismissal without prejudice consistent with Fed. R. Civ. P. 41(a)(1)(A)(i).

Dated:    October 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute of limitations for section 1983 actions "is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) (citations omitted).  In California, the statute of limitations for personal injury claims is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 335.1).  Thus, the statute of limitations for section 1983 actions arising in California is two years.  *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014) (citation omitted).  In addition to the statute of limitations, federal courts apply "the forum state's law regarding tolling" for section 1983 actions.  *Jones*, 393 F.3d at 927 (citation omitted).  In California, the statute of limitations is tolled for a maximum of two years if and while a plaintiff is imprisoned, unless the plaintiff is serving a sentence of life without the possibility of parole. Cal. Civ. Proc. Code § 352.1(a); *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 7 (Cal. Ct. App. 2016) ("only those sentenced to life without possibility of parole should be excluded from the tolling provision" of section 352.1) (citations omitted).  Thus, unless Plaintiff is serving a life sentence, he must file his action within four years of the date on when the action accrued.